IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CYNTHIA SPARKS,<br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>SECRETARY OF HEALTH AND HUMAN<br>SERVICES, and STATE OF OREGON,<br>　　　　　Defendants. | CV. 05-1439-PK<br><br>FINDINGS AND<br>RECOMMENDATION |

PAPAK, Magistrate Judge:

Plaintiff Cynthia Sparks filed this action seeking judicial review of a final decision of the United States Secretary of Health and Human Services denying Plaintiff's request for waiver of a Medicare lien. Plaintiff also challenges the decision by the State of Oregon to deny her request for waiver of a Medicaid lien. The State of Oregon has moved to dismiss Plaintiff's complaint on the grounds that (1) Plaintiff's claims are barred by the Eleventh Amendment; (2) Any claim challenging the State's lien is untimely; (3) this court lacks jurisdiction to review the State's

decision; and (4) the complaint fails to state a claim upon which relief can be granted. Plaintiff has not filed a response to, or resisted in any way, the State's motion. Because the challenge to the State's denial of a lien waiver was more than 60 days after the administrative order was served, Plaintiff's action against the State is untimely and the State of Oregon's Motion to Dismiss (No. 4) should be granted.

## FACTS

In 1997, Plaintiff was crossing the street and was struck by a drunk driver. Plaintiff's resulting medical bills totaled approximately $175,512.09. Of that amount, $145,456.42 was paid by the federal government through Medicare, and $30,055.67 was paid by the State of Oregon through Medicaid.

Plaintiff's liability claim against the negligent driver settled for $100,000, which was the limit of the driver's insurance policy and the only asset available to the driver. Both Medicare and Medicaid claimed liens against the proceeds of the settlement. The balance available after allowed litigation costs and attorney fees is currently being held in a State court trust account.

On July 23, 1999, Plaintiff filed requests with Medicare and Medicaid for release of their respective liens. Medicare denied Plaintiff's request on August 16, 1999. The State of Oregon denied Plaintiff's request for a Medicaid lien waiver on September 24, 1999. Over the next six years, Plaintiff filed for reconsideration of and then appealed from the Medicare decision. Each time the decision to deny the waiver was upheld. The lawsuit currently before this court is Plaintiff's first attempt to challenge the State of Oregon's decision to deny a waiver of the Medicaid lien.

## ANALYSIS

### I. Jurisdiction

A federal court must have jurisdiction over the subject matter of a suit in order for the action to proceed. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and the party seeking to invoke the jurisdiction of the federal court bears the burden of proof that federal jurisdiction exists. Thornhill Publishing Co. v. General Telephone & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979). "Wherever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Federal Courts have "original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Here, the court has jurisdiction over the challenge to Medicare's decision denying the lien waiver. That claim for judicial review arises under 42 U.S.C. §§ 405(g) and 1395ff.

The court also has jurisdiction over the challenge to the State of Oregon's decision to deny the Medicaid lien waiver. Federal Courts have supplemental jurisdiction over state law claims if the claims are "so related" to the federal claims that they "form part of the same case or controversy." 28 U.S.C. § 1367. Plaintiff's claim for judicial review of the Medicaid decision derives from a common nucleus of facts, namely Plaintiff's future medical and financial needs. The fact that Plaintiff's state law claim seeks judicial review of a state agency action does not deprive the federal court of jurisdiction. City of Chicago v. International College of Surgeons, 522 U.S. 156, 166 (1997) (holding that supplemental jurisdiction could be exercised over state claims that called for deferential on-the-record review of administrative findings).

II. 12(b)(6) Motion to Dismiss

The State of Oregon argues that Plaintiff's request for judicial review of its Medicaid decision is untimely, and should be dismissed.

A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1347 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987).

O.R.S. § 183.484 governs judicial review of administrative orders in other than contested cases. Under that statute, petitions for review must be filed with the court within 60 days of the date that the administrative order was served. O.R.S. § 183.484(2). Medicaid denied Plaintiff's waiver request on September 24, 1999, more than six years before Plaintiff filed this lawsuit. Plaintiff took no steps during that time to challenge the denial. Plaintiff's claim is untimely and must be dismissed.

Because the court finds that Plaintiff's claim is untimely, it is unnecessary to address the State's alternative arguments that Plaintiff's claim is barred by the Eleventh Amendment and fails to state a claim.

/ / / /

/ / / /

/ / / /

/ / / /

## CONCLUSION

For the foregoing reasons, the State of Oregon's Motion to Dismiss (No. 4) should GRANTED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due February 7, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 24th day of January, 2006.

/s/ Paul Papak
Honorable Paul Papak
U.S. Magistrate Judge